IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| James Clinton Davis, | ) | Civil Action No.: 4:03-3546-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Honda of South Carolina | ) | |
| Manufacturing, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, James Clinton Davis, who is proceeding pro se, filed this action on November 11, 2003, setting forth causes of action for violations of the American with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and for wrongful discharge based upon company policy.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling. On April 6, 2005, the defendant filed a motion for summary judgment. Because the plaintiff is proceeding pro se, he was informed on April 7, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), of the possible consequences if he failed to adequately respond. The plaintiff filed a response on April 18, 2005. Based on his review of the record, the Magistrate Judge filed a Report and Recommendation on August 30, 2005, in which he recommended that the defendant's motion for summary judgment be granted.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo*

determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

On September 12, 2005, the plaintiff timely filed what purported to be objections to the Magistrate Judge's Report and Recommendation. After reviewing this filing, the court cannot say that it is in fact objections to the Magistrate Judge's Report. In this filing, the plaintiff first states that he respects the court's decision and then he proceeds to ramble on about how the court has ignored the truth. To say the very least, any objection the plaintiff made to the Report in his September 12, 2005, filing does not meet the specificity requirement outlined in Rule 72(b) of the Federal Rules of Civil Procedure.[1] Particularly, the plaintiff has not pointed out a portion of the Magistrate Judge's Report and Recommendation to which he objects.

Since the September 12, 2005, filing, the plaintiff has filed numerous letters and several newspaper articles with the court. The court points out that any objections contained in these multiple

---

[1] Rule 72(b) states:

> Within ten days after being served with a copy of the recommended disposition, a party may serve and file **specific, written objections to the proposed findings and recommendations**. . . . The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of **any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule**.

Fed.R.Civ.P. 72(b) (emphasis added).

filings are untimely as they exceed the ten day period designated for filing objections to the Report. Although untimely, this court will address, out of an abundance of caution and for the sake of judicial economy, the plaintiff's filings dated September 15, 2005, and September 19, 2005, as both purport to be objections to the Report and Recommendation.

In the filing dated September 15, 2005, the plaintiff writes that his "only objection would be: These court's [sic] have omitted the fact, Honda has admitted I was terminated. I did not quit my job. Therefore, this is admitting, by Honda, Information presented at the unemployment hearing, was in fact bogus." This court finds that the plaintiff appears to allege that the Magistrate Judge erroneously excluded any discussion of the denial of his unemployment benefits after his employment at the defendant ended. However, the plaintiff's complaint does not mention the denial of his claim for unemployment benefits. Therefore, this objection relates to a matter that is not currently before the court. Assuming *arguendo*, the plaintiff had raised an issue regarding his alleged wrongful denial of unemployment benefits in the complaint, this court would have no jurisdiction over such because unemployment benefits are administered by the South Carolina Employment Security Commission ("SCESC"). Indeed, the SCESC has designated specific procedures for appealing the denial of unemployment benefits. As the defendant pointed out in its response to the plaintiff's objections, to the extent the plaintiff has not followed the SCESC procedures, he has waived his right to complain about the denial of benefits. For the reasons stated above, the court finds the above mentioned objection to the Report is without merit.

As mentioned above, the court will also address the plaintiff's filing dated September 19, 2005. In this filing, the plaintiff states:

> I object to how my statements have been reworded. I did not state that I refused to

> report to Honda to avoid being "formerly terminated." I stated "Brad Smith had already informed me, I had been terminated. When Mr. Lowery informed me, Brad could not do that," I told Mr. Lowery, someone should have informed Brad of that, because he already done it. (Terminated me) Mr. Lowery insisted on a review. (Mr. Lowery had the authority to terminate me, and failed to do so.) I told Mr. Lowery I was not coming on Honda property, after being terminated, only to be escorted off Honda property for Trespassing." See Mr. Heltons Affidavit. Mr. Helton states that Mr. Lowery has the authority to terminate an associate without any one else's approval. I've stated this, to the courts, and to Hondas attorney, numerous times. Saying, "I refused to return to Honda, to be "formerly terminated," is moot. By Mr. Lowery not terminating me on the phone, Brad Smith is the only "authority figure" to have done so.

After a careful review of the Report and Recommendation, this court assumes the defendant is objecting to a sentence on page 6 of the Report which states that the "[p]laintiff refused to report to defendant's facility because all that was going to happen was his employment was going to be formally terminated." Apparently, the plaintiff is suggesting that the Magistrate Judge erroneously reworded his testimony with regard to the sequence of events which occurred during his termination by the defendant. However, this court finds an objection of this nature is of no consequence as the plaintiff has not pointed to a specific error of law related to this alleged rewording. This objection in no way changes the fact that the plaintiff has not alleged a viable claim for wrongful termination. This court has reviewed the Magistrate Judge's rationale with regard to the plaintiff's claim for wrongful termination and concurs in the Magistrate Judge's reasoning. Therefore, for the reasons stated above and in the Report and Recommendation, this court finds the above objection is without merit.

The plaintiff's September 19, 2005, filing also mentions that he is still owed vacation and bonus pay, however, the plaintiff's complaint makes no mention of such. Therefore, these issues are not properly before this court. For this reason, this part of the objection is also found to be without merit.

After carefully reviewing the Report, objections, pleadings and applicable law, the Court adopts the Report and Recommendation of the Magistrate Judge, incorporates it herein, and overrules all of

plaintiff's objections. For the reasons stated therein and in this Order, the defendant's motion for summary judgment is hereby **GRANTED**. Likewise, any remaining motions in this case are deemed **MOOT**.[2]

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

Florence, South Carolina
January 24, 2006

---

[2] The plaintiff has recently filed a letter [#196] in which he requests this court to close his case so that he may appeal. The plaintiff also requests that this court accept the letter as his appeal in this matter. It is to be noted that this Order will close the plaintiff's case as this court has adopted the Report and Recommendation of the Magistrate Judge and granted the defendant's motion for summary judgment, however, the above mentioned letter cannot serve as his appeal in this matter as the plaintiff must file a notice of appeal which adheres to the requirements of the Federal Rules of Appellate Procedure.