IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| James Clinton Davis, | ) | Civil Action No.: 4:03-3546-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Honda of South Carolina | ) | |
| Manufacturing, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On January 24, 2006, this Court filed an Order adopting the Magistrate Judge's Report and Recommendation and granting the defendant's motion for summary judgment. On January 26, 2006, summary judgment was entered in favor of the defendant and this action was dismissed. On January 30, 2006, the Clerk of Court docketed what purported to be a "motion for reconsideration" [Entry # 200] of this Court's Order of January 24, 2006. As motions to reconsider are not expressly contemplated by the Federal Rules of Civil Procedure, the Court will treat this motion as a Rule 59 Motion to Alter or Amend the Judgment.

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a *clear error of law* or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (emphasis added). Rule 59 motions "may not be used to make arguments that could have been made

before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002).  Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result.  See Tran v. Tran, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

Having reviewed the pleading related to this motion, the Court finds that it is not technically a "motion for reconsideration," rather, it appears to be a request by the plaintiff to amend his complaint against the defendant.  To the extent plaintiff's motion is one to amend, it is denied as untimely.  Nevertheless, even if the motion was construed as a "motion for reconsideration," the motion presents neither new controlling law, nor new evidence, nor points out a clear legal error of this Court.

For the above reasons, the "motion for reconsideration" [Entry # 200] is **DENIED**.

**IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell  
                                                R. Bryan Harwell  
                                                United States District Judge

Florence, South Carolina  
February 6, 2006